# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 16, 2022

Lyle W. Cayce
Clerk

No. 21-60185
Summary Calendar

Francisco Antonio Reyes-Rivas,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 236 884

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Francisco Antonio Reyes-Rivas, a native and citizen of El Salvador, petitions for review of an order by the Board of Immigration Appeals (BIA) affirming the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60185

We review the BIA's decision and will consider the immigration judge's underlying decision only insofar as it influenced the BIA's decision. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Further, we review Reyes-Rivas's arguments under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Reyes-Rivas contends that the BIA erred in determining that his proposed particular social group (PSG) of "immediate family members of members of the El Salvadoran Police" was not legally cognizable. He fails to demonstrate, however, that the evidence compels a conclusion that Salvadoran society on the whole recognizes family members of police officers as a socially distinct faction within society. *See Jaco v. Garland*, 24 F. 4th 395, 407 (5th Cir. 2021); *Orellana-Monson v. Holder*, 685 F.3d 511, 522 (5th Cir. 2012).

Because Reyes-Rivas's failure to identify a legally cognizable PSG is dispositive of his requests for asylum and withholding of removal, *see Orellana-Monson*, 685 F.3d at 522, we need not address his claims related to whether he established the requisite nexus and state action, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Finally, Reyes-Rivas has not briefed and thus has abandoned any challenge to the BIA's findings that he waived his claims that he suffered past persecution and that he was entitled to relief under the CAT. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, the petition for review is DENIED.